Scott E. Gizer, Esq., Nevada Bar No. 12216
  *sgizer@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone:  (702) 331-7593
Facsimile:  (702) 331-1652

Kevin S. Sinclair, NV Bar No. 12277
  *ksinclair@sinclairbraun.com*
SINCLAIR BRAUN LLP
16501 Ventura Blvd, Suite 400
Encino, California 91436
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Defendants
FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

DESIGNATED LOCAL COUNSEL FOR SERVICE OF PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

Gary L. Compton, State Bar No. 1652
2950 E. Flamingo Road, Suite L
Las Vegas, Nevada 89121

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATE-HOLDERS PARK PLACE SECURITIES, INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-WCW1,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive<br><br>Defendants. | Case No.: 2:22-cv-00616<br><br>**PETITION FOR REMOVAL** |



**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that defendants Fidelity National Title Group, Inc. ("FNTG") and Fidelity National Title Insurance Company ("FNTIC") (collectively, "Defendants") hereby file the instant petition of removal removing the instant action to the United States District Court for the District of Nevada (the "District Court"), from Nevada's Eighth District Court in and for Clark County (the "State Court"), pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.

1. Plaintiff Wells Fargo Bank N.A. as Trustee on behalf of the Certificateholders Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series, 2005-WCW1 ("Wells Fargo"), first filed this action on April 12, 2022 in the State Court. Wells Fargo originally named as defendants FNTG and Fidelity. A true and correct copy of the Complaint is attached collectively hereto as **EXHIBIT ONE, EXHIBIT TWO** and **EXHIBIT THREE**.

2. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because: (i) this action is a civil action pending within the jurisdiction and territory of the United States District Court for the District of Nevada; (ii) the action is between citizens of different states; (iii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (iv) all procedural requirements for removal are met.

3. ***There is Complete Diversity of Citizenship Between the Parties***. A corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Wells Fargo alleges that FNTG is a Florida corporation with its principal place of business in Florida. (Compl. ¶ 2.) FNTG is a Delaware corporation with its principal place of business in Jacksonville, Florida. It is therefore a citizen of Delaware and Florida. Wells Fargo alleges that FNTIC is a Florida corporation with its principal place of business in Florida. (Compl. ¶ 3.) FNTIC is a Florida corporation with its principal place of business in Florida. Thus, FNTIC is a citizen of Florida. Wells Fargo alleges that it is national banking association chartered under the laws of the United States with its main office in California. (Compl. ¶ 1.) It is therefore a citizen of California for purposes of diversity of citizenship. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006) (national bank association is

citizen of state where its main office is located). Thus, there is complete diversity of citizenship between and among the parties.

4. ***All Defendants Consent to the Removal***. FNTG and FNTIC are the only defendants named in Wells Fargo's Complaint. Accordingly, all defendants have consented to the removal.

5. ***The Amount in Controversy Exceeds $75,000***. Wells Fargo alleges that on or about March 21, 2005, Argent Mortgage Company, LLC ("Argent") made a $243,000.00 loan (the "Loan") to Guadelupe D. Lyn and Rojan K. Lyn (the "Borrowers") secured by a deed of trust (the "Deed of Trust") recorded against the real property located at 8918 Spring Peepers Avenue, Las Vegas, Nevada 89148 (the "Property"). Wells Fargo alleges that Fidelity underwrote a policy of title insurance (the "Policy") in connection with that transaction, and Wells Fargo further alleges that it is now the insured under the Policy because it is the assignee of the Deed of Trust. The "amount of insurance" listed on the face of the Policy is $243,000.00.

6. On or about October 30, 2012, the Venezia Homeowners Association (the "HOA") foreclosed on an assessment lien against the Property. Fidelity and FNTG are informed and believe that Wells Fargo contends that it suffered a loss covered by the Policy as a result of the fact that its Deed of Trust may have been extinguished by the foreclosure of the HOA's assessment lien, and that Fidelity breached the Policy by refusing to indemnify Wells Fargo in the full "amount of insurance." Thus, the amount in controversy exceeds $75,000.

7. ***FNTG and Fidelity Timely Filed This Notice of Removal***. This action was filed on April 12, 2022, one day ago. Defendants filed the instant notice of removal on April 13, 2022. Thus, there can be no dispute that Defendants timely filed the instant notice of removal (i.e., within the 30-day period prescribed by 28 U.S.C. § 1446(b)(1), and less than one year after the action was initiated, as required by 28 U.S.C. § 1446(c)(1)).

8. ***Notice to the State Court and All Adverse Parties***. Defendants will give notice of this removal to all adverse parties in the action and to the State Court promptly after the filing of the instant Notice of Removal, in compliance with the requirements of 28 U.S.C. § 1446(d).

9. ***All Pleadings from the State Court Action Have Been Attached***. The only

pleadings from the State Court Action are attached hereto as **EXHIBITS ONE** through **FOUR.**

10. ***This Notice Complies with Fed. R. Civ. P. 11***. This Notice of Removal is hereby signed pursuant to Fed. R. Civ. P. 11(a).

11. Accordingly, as FNTG and Fidelity have complied with all applicable terms of 28 U.S.C. § 1446, they hereby remove this action in intervention from the State Court to the District Court, and they hereby request that further proceedings be conducted in the District Court as provided by law.

Dated: April 13, 2022

EARLY SULLIVAN WRIGHT
    GIZER & McRAE LLP

By: */s/-Scott E. Gizer*
    SCOTT E. GIZER
    Attorneys for Defendants
    FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

Dated: April 13, 2022

SINCLAIR BRAUN LLP

By: */s/-Kevin S. Sinclair*
    KEVIN S. SINCLAIR
    Attorneys for Defendant
    FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY

