UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK N.A.,<br><br>　　　Plaintiff<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>　　　Defendants | Case No.: 2:22-cv-00616-APG-EJY<br><br>**Order (1) Granting in Part Fidelity's Motion to Dismiss and (2) Denying Stipulation as Moot**<br><br>[ECF Nos. 17, 26] |

Plaintiff Wells Fargo Bank N.A.[1] sues defendant Fidelity National Title Insurance Company[2] after Fidelity denied Wells Fargo's claim under a title insurance policy in relation to a property located at 8918 Spring Peepers Avenue in Las Vegas. Fidelity moves to dismiss Wells Fargo's claims for declaratory relief, breach of contract, and bad faith, arguing that the complaint's allegations show that Wells Fargo did not timely notify Fidelity of its claim under the policy and Fidelity was prejudiced as a result. Fidelity moves to dismiss Wells Fargo's claim under the Nevada Deceptive Trade Practices Act (NDTPA) because any alleged misrepresentations were made to Wells Fargo's predecessor and there are no allegations that the predecessor assigned tort claims to Wells Fargo. Fidelity contends that, in any event, NDTPA claims are non-assignable as a matter of law. Finally, Fidelity moves to dismiss Wells Fargo's multi-part cause of action for alleged claims handling practices violations because Fidelity contends that it made no misrepresentations and did not wrongfully deny coverage.

---

[1] As Trustee on behalf of the Certificateholders Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series, 2005-WCW1.

[2] Wells Fargo also sues Fidelity National Title Group, Inc., which has filed a separate motion to dismiss. ECF No. 23. All references to Fidelity in this order are to Fidelity National Title Insurance Company.

Wells Fargo responds that whether it gave timely notice and whether Fidelity was prejudiced are fact questions that cannot be resolved at dismissal. Wells Fargo contends that it can assert a claim under the NDTPA for misrepresentations made to the original lender because the policy insures the original lender and its successors and assigns, and Wells Fargo is an assignee of the original lender. Wells Fargo also argues that an NDTPA claim is assignable if it is based on damage to property. Finally, Wells Fargo contends that it has adequately alleged its cause of action for unfair claims practices. Alternatively, Wells Fargo requests leave to amend.

I deny Fidelity's motion to dismiss the declaratory relief, breach of contract, and bad faith claims because I cannot determine as a matter of law at the dismissal stage in this case that Wells Fargo's notice was untimely or that Fidelity was prejudiced. I grant the motion to dismiss the NDTPA claim because Wells Fargo has not plausibly alleged that its predecessor assigned the claim to Wells Fargo, but I grant Wells Fargo leave to amend if facts exist to do so. Finally, I grant the motion to dismiss portions of the cause of action for unfair claims practices.

**I. BACKGROUND**

In 2005, Argent Mortgage Company, LLC loaned money that was secured by a deed of trust on the Spring Peepers property. ECF No. 1-1 at 15. Fidelity issued Argent a title policy insuring the deed of trust. *Id.* at 16. Wells Fargo alleges that this policy insured that the deed of trust was superior to competing liens, including a homeowners association (HOA) lien. *Id.*

The property is subject to the covenants, conditions, and restrictions for an HOA that required the property owner to pay HOA assessments. *Id.* at 13. In 2008, the property owner ceased making those payments, so the HOA recorded a notice of delinquency and a notice of default and election to sell. *Id.* at 19. In September 2009, the deed of trust was assigned to Wells Fargo. *Id.* at 15.

In February 2012, the HOA's agent sent a notice to Argent acknowledging that the HOA lien was junior to the deed of trust. *Id.* at 19. In October 2012, the HOA recorded a notice of sale. *Id.* Wells Fargo alleges that the HOA did not send the notice of sale to Wells Fargo despite its status as beneficiary of record under the deed of trust. *Id.* The HOA sold the property to itself by credit bid on October 30, 2012. *Id.* Through a series of transfers, RH Kids, LLC became the owner of the property. *Id.* at 19-20.

In January 2016, RH Kids sued Wells Fargo seeking a declaration that the HOA sale extinguished the deed of trust. *Id.* at 20. In March 2016, Wells Fargo submitted a claim to Fidelity under the title insurance policy. *Id.* Fidelity accepted defense of the action but reserved its rights as to any prejudice caused by what it deemed to be late notice of the claim. *Id.* at 21.

RH Kids prevailed in the trial court and Wells Fargo appealed. *Id.* at 20. The Supreme Court of Nevada affirmed and the ruling that the HOA sale extinguished the deed of trust became final. *Id.* at 21. Wells Fargo thereafter demanded that Fidelity indemnify Wells Fargo for its loss. *Id.* Fidelity denied the demand, asserting that Fidelity was prejudiced by Wells Fargo's lack of prompt notice under Condition 3 of the policy. That condition states:

> The insured shall notify the Company promptly in writing . . . (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy . . . . If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

*Id.* at 21-22.  The policy defines knowledge as "actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records defined in this policy or any other records which impart constructive notice of matters affecting the land." *Id.* at 22.

Wells Fargo alleges that it did not have actual knowledge that the HOA lien was an adverse claim because the HOA's agent sent a letter to Argent assuring it that the HOA's lien was junior to the deed of trust and because the HOA's agent did not send Wells Fargo the notice of sale. *Id.*  Wells Fargo also alleges that Fidelity was not prejudiced by Wells Fargo failing to submit a claim earlier because Fidelity would have denied a claim at that time due to the HOA's position that its lien was junior. *Id.*

Based on these allegations, Wells Fargo sues Fidelity for a declaratory judgment that the policy covers Wells Fargo's loss. *Id.* at 25-26.  Wells Fargo also asserts breach of contract and bad faith claims based on Fidelity's denial of coverage. *Id.* at 27-30.  Wells Fargo asserts a claim under the NDTPA based on Fidelity allegedly misrepresenting the policy's coverage for losses like Wells Fargo's. *Id.* at 30-31.  Finally, Wells Fargo alleges that Fidelity violated Nevada's claims handling practices statute on multiple grounds. *Id.* at 31-34.

## II.  ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Declaratory Relief, Breach of Contract, and Bad Faith

Fidelity moves to dismiss Wells Fargo's claims for declaratory relief, breach of contract, and bad faith, arguing that Wells Fargo failed to timely give notice of the claim and Fidelity was prejudiced as result, so it owes no coverage. Wells Fargo responds that Fidelity bears the burden of showing notice was not timely and that Fidelity was prejudiced, and those are fact questions not suitable for resolution at dismissal.

Under Nevada law, "for an insurer to deny coverage of a claim based on the insured party's late notice of that claim, the insurer must show (1) that the notice was late and (2) that it has been prejudiced by the late notice." *Las Vegas Metro. Police Dep't v. Coregis Ins. Co.*, 256 P.3d 958, 965 (Nev. 2011) (en banc). An insurer is prejudiced if "the delay materially impairs an insurer's ability to contest its liability to an insured or the liability of the insured to a third party." *Id.* (quotation omitted). Whether the insurer was prejudiced is a fact question. *Id.*

The Supreme Court of Nevada addressed the notice-prejudice rule in a similar factual and procedural context in *PennyMac Holdings, LLC v. Fidelity National Insurance Company*, No. 72538, 423 P.3d 608, 2018 WL 3689751 (Nev. 2018). In *PennyMac*, the deed of trust beneficiary's predecessor received HOA foreclosure notices and a demand letter to pay the HOA's lien before the HOA foreclosed and sold the property to a third party. 2018 WL 3689751, at *1. The third-party purchaser thereafter sued the beneficiary for a declaration that the deed of trust had been extinguished by the HOA foreclosure sale. *Id.* The beneficiary tendered a claim to the title insurer, who agreed to pay the amount of the HOA's lien but otherwise denied a defense and indemnity. *Id.* The beneficiary sued the title insurer, asserting that the insurer had a duty

5

under the policy to defend and indemnify. *Id.* at *1-2. The insurer moved to dismiss, arguing that the beneficiary failed to give timely notice of the claim and the insurer was prejudiced as a matter of law. *Id.* at *2. The policy at issue had the same condition 3 as at issue here, including the definition of knowledge. *Id.*

The Supreme Court of Nevada concluded that even though it was undisputed that the beneficiary was aware of at least one HOA foreclosure notice, "issues of fact remain as to whether this notice provided [the beneficiary] actual knowledge of an adverse claim under the terms of the policy." *Id.* at *3. The court ruled that because the complaint alleged that the beneficiary did not have actual knowledge that the HOA lien was an adverse claim, whether timely notice was given was "an issue of fact not resolvable on a motion to dismiss." *Id.* Likewise, the court concluded that even if notice was untimely, whether the insurer was prejudiced is a fact question not suitable for resolution at dismissal. *Id.*

As in *PennyMac*, Fidelity's arguments regarding notice and prejudice are fact questions generally not suitable for determination at the dismissal stage. Fidelity relies on the fact that Wells Fargo had record notice of the HOA's notice of default at the time Wells Fargo was assigned the deed of trust, and Fidelity contends that Wells Fargo received the HOA's notice of sale. But knowledge of HOA foreclosure notices was insufficient in *PennyMac* and, like the beneficiary in *PennyMac*, Wells Fargo alleges that it lacked actual knowledge that the HOA's lien was adverse. ECF No. 1-1 at 22. Further, the complaint alleges that the HOA did not send Wells Fargo the notice of sale, an allegation that I must accept as true at this stage. *Id.* at 19, 22. Fidelity points to a letter attached to the complaint to suggest that Wells Fargo received the HOA's notice of sale. *See* ECF No. 1-3 at 227. But that letter was one Fidelity sent to Wells Fargo and has no attached evidence to support that assertion. Moreover, even if Wells Fargo

received the HOA's notice of sale, *PennyMac* instructs that receipt of an HOA foreclosure notice does not necessarily constitute actual knowledge of an adverse claim.

Prejudice is likewise a fact question not suitable for determination at the dismissal stage in this case. Wells Fargo alleges that if it had submitted a claim prior to the HOA sale, Fidelity would have denied it due to the HOA agent's assurances that the HOA lien was junior to the deed of trust. ECF No. 1-1 at 22. Moreover, Fidelity argues that it was prejudiced because it could not act to satisfy the HOA lien or stop the sale before it took place. But if Wells Fargo did not have actual notice of an adverse claim until after the HOA sale was completed, then Fidelity has not identified prejudice from the late notice.

In sum, Fidelity bears the burden of establishing notice and prejudice, but those are fact questions not suitable for resolution at the dismissal stage in this case. I therefore deny Fidelity's motion to dismiss Wells Fargo's claims for declaratory relief, breach of contract, and bad faith.

**B. NDTPA**

Wells Fargo's NDTPA claim is based on Fidelity's alleged representation to Argent that the CC&Rs protected the deed of trust from being extinguished by an HOA lien and that the policy would insure against the HOA lien being superior to the deed of trust. ECF No. 1-1 at 30-31. These alleged representations were made "at origination" to Argent. *Id.*

The parties dispute whether an NDTPA claim is assignable and, if so, whether Argent assigned an NDTPA claim to Wells Fargo. I need not address whether an NDTPA claim like this one is assignable because Wells Fargo has not plausibly alleged that Argent assigned any such claim to it. Wells Fargo alleges it was assigned the deed of trust and is a successor to Argent on the title insurance policy. But assignment of contract rights or falling within the definition of an insured in an insurance policy does not necessarily include assignment of a tort

7

claim for misrepresentations allegedly made to the assignor. I therefore dismiss this claim, with leave to amend if facts exist to do so. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).[3]

### C. Unfair Claims Practices

#### 1. Misrepresentations

Nevada Revised Statutes (NRS) § 686A.310(1)(a) makes it an unfair claims practice for an insurer to misrepresent to the insured "pertinent facts or insurance policy provisions relating to any coverage at issue." The complaint alleges that Fidelity misrepresented (a) that the policy provided coverage in the event the deed of trust lost priority and (b) that it received late notice or was prejudiced by late notice. ECF No. 1-1 at 32.

Fidelity argues the allegation that it misrepresented whether it would provide coverage fails to state a claim because Fidelity initially provided coverage under the policy before denying it due to Wells Fargo's failure to comply with condition 3. Thus, Fidelity contends it never misrepresented whether the policy would cover the claim if Wells Fargo had timely submitted it. Wells Fargo does not respond other than to argue that it adequately alleged that the policy covers its loss and that subsection (1)(a) does not require there to be coverage to state a claim.

Wells Fargo does not adequately address how Fidelity misrepresented that the policy provided coverage in the event the deed of trust lost priority where, by Wells Fargo's own allegations, Fidelity acknowledged that coverage existed in its reservation of rights letter while

---

[3] Wells Fargo does not argue that it is a victim of consumer fraud that has standing to assert this claim regardless of an assignment, so I do not address that issue.

8

"reserving its rights as to any prejudice created by late notice." ECF No. 1-1 at 21.  I therefore dismiss this portion of Wells Fargo's claim.

However, I deny Fidelity's motion related to alleged misrepresentations regarding notice and prejudice.  Fidelity does not specifically address these allegations, but to the extent Fidelity is relying on its argument that, as a matter of law, notice was untimely and it was prejudiced, I have already denied dismissal on this basis.  Consequently, this portion of Wells Fargo's claim under NRS § 686A.310(1)(a) remains pending.

### 2.  Failing to Respond to Indemnification Demand

The complaint alleges that Fidelity violated NRS §§ 686A.310(1)(b)-(c), (l), and (n) by failing to respond to Wells Fargo's demand for indemnification for almost a year. ECF No. 1-1 at 32-33.  Although Fidelity appears to challenge the entirety of Wells Fargo's claim for unfair claims practices, Fidelity does not address this allegation and provides no argument for why it should be dismissed.  Consequently, this portion of the claim remains pending. *See* LR 7-2(d).

### 3.  Failing to Adopt and Implement Reasonable Procedures

The complaint alleges Fidelity failed to adopt and implement reasonable claims handling procedures because its procedures called for denying claims like Wells Fargo's despite knowing the policy covered it in violation of NRS § 686A.310(1)(c).  Fidelity argues this allegation is belied by Wells Fargo's own allegations because Fidelity initially agreed to provide coverage and later denied it based only on the notice-prejudice rule.  Wells Fargo does not respond to this argument.  As discussed above, this allegation conflicts with Wells Fargo's allegation that Fidelity agreed to cover this claim if timely submitted.  I therefore grant the motion to dismiss this portion of Wells Fargo's claim.

9

#### 4. Failing to Pay After Liability Became Reasonably Clear

The complaint alleges Fidelity failed to pay after liability became reasonably clear in violation of NRS § 686A.310(1)(e). Fidelity argues this allegation fails because Fidelity initially provided coverage and did not wrongfully deny coverage under the notice-prejudice rule. As discussed with respect to other portions of the unfair practices claim, to the extent this allegation is based on Fidelity denying coverage under the substantive policy provisions, I dismiss it because Wells Fargo alleges that Fidelity accepted coverage. But to the extent that Fidelity moves to dismiss based on the proposition that it properly denied coverage as a matter of law under the notice-prejudice rule, that is not appropriately resolved at dismissal in this case.

#### 5. Compelling Litigation for Recovery

The complaint alleges Fidelity compelled Wells Fargo to file this lawsuit to recover amounts due under the policy in violation of NRS § 686A.310(f). Fidelity argues this allegation fails to state a claim because Fidelity owes no coverage under the notice-prejudice rule. As discussed, this is not an issue suitable for resolution at the dismissal stage. I therefore deny Fidelity's motion to dismiss this allegation.

#### 6. Failing to Provide Reasonable Explanation for Denial

The complaint alleges that Fidelity failed to provide a reasonable explanation for the denial of the claim in violation of NRS § 686A.310(n). Fidelity does not address this allegation and provides no argument for why it should be dismissed. Consequently, this portion of the claim remains pending. *See* LR 7-2(d).

### III. CONCLUSION

I THEREFORE ORDER that defendant Fidelity National Title Insurance Company's motion to dismiss **(ECF No. 17) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that by November 18, 2022, plaintiff Wells Fargo Bank N.A. may file an amended complaint consistent with this order, if facts exist to do so.  If Wells Fargo does not file an amended complaint by that date, the case will proceed on those claims that I have not dismissed.

I FURTHER ORDER that the parties' stipulation to stay the case **(ECF No. 26) is DENIED as moot**.

DATED this 28th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE